# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF MISSOURI

PATRICK COLLINS INC.,

        Plaintiff,

vs.                                  Case No. _____

DOES 1-1219

        Defendants.

## MOTION OBJECTING TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

COMES NOW Third Party Grand River Mutual Telephone Corporation, by and through its attorneys of record, and objects to the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure and in support of its objection, states as follows:

1. Grand River is an Internet Service Provider (hereinafter ISP).

2. On or about April 12, 2011 Third Party Grand River Mutual Telephone Corporation (hereinafter "Grand River"), received a Subpoena from the Northern District of California (Case No. C 10-04468-LB) by electronic mail (e-mail) message commanding them to turn over the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified.

3. Rule 45(b)(1) requires a physical or hard copy of a subpoena be delivered to

the named person.

4. Rules 4(h)(1)(A) & (B) state that serving a corporation may be done by delivering a copy to an agent of the corporation. Further said rules state Rule 4(e)(1) governs the service of process on a corporation. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides State law governs service of process to a corporation.

5. Pursuant to Rule 43.01(c) of the Missouri Rules of Civil Procedure e-mail is only an acceptable form of service when one consents to service in this manner.

6. Third Party Grand River has not consented and objects to the service of process as Grand River did not consent to being served by e-mail.

7. Grand River is strictly a conduit in the transfer of information through its network.

8. *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771 (8th Cir. 2005), states an ISP acting strictly as a conduit in the transfer of information cannot be required to produce information by a subpoena brought via 17 U.S.C. §512(h).

9. Grand River objects to Plaintiff's Subpoena as it is invalid under precedent of the 8th Circuit Courts.

10. Congress enacted the Digital Millenium Copyright Act (hereinafter "DCMA") specifically to address acts of copyright infringement by Internet Service Provider (hereinafter "ISP") subscribers.

11. The Federal Communications Commission (hereinafter "FCC") in enacting the

*Telecommunications Act of 1996* afforded customer proprietary network information, which "includes personally identifiable information derived from a customer's relationship with a provider of communications service" the "greatest level of protection." See *Implementation of the Telecommunications Act of 1996: Telecommunications carriers' use of customer proprietary network information and other customer information,* FCC 07-22, CC Docket No. 96-115, WC Docket 04-36, at 2-4, released April 2, 2007.

12. Grand River received no notification pursuant to 17 U.S.C. §512(c)(3)(A) as required by 17 U.S.C. §512(h)(2)(A).

13. Grand River received no sworn declaration from the copyright owner regarding the use of subpoenaed information as required by 17 U.S.C §512(h)(2)(C).

14. At the time of issuance of the Subpoena, there were no actual defendants to the action.

15. Furthermore, Grand River objects to Plaintiff's Subpoena because there must be parties to the action in order to issue an actionable subpoena.

16. Grand River objects to Plaintiff's subpoena in that 17 U.S.C. §512(h) unconstitutionally usurps the authority of the judiciary by allowing Congress to compel a clerk to issue a subpoena, invoking the court's power. *In re Charter Communications, Inc. Subpoena Enforcement Matter,* 393 F.3d 771, 777-8 (8th Cir. 2005).

WHEREFORE, Third Party Grand River Mutual Telephone Corporation moves the Court for an Order not allowing enforcement of this Subpoena, and declaring the

Subpoena null and void, and for such other and further relief as the Court deems just and proper under the circumstances.

ANDERECK, EVANS, WIDGER, JOHNSON & LEWIS, LLC

BY: _____
Matthew M. Krohn – 46188
9th and Washington Street
P.O. Box 547
Trenton, MO 64683
660-359-2244
660-359-2116 FAX
mkrohn@lawofficemo.com

Attorney for Third Party.

CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of the foregoing instrument was served upon:

**Ira M. Siegel**
**433 N. Camden Drive, Suite 970**
**Beverly Hills, CA 92010**

 A. By enclosing same in envelopes addressed to the attorneys of record of said parties at their business addresses as disclosed in the pleadings of record therein, with first class postage fully prepaid, and by depositing said envelope in a U.S. Post Office mail box in Trenton, Missouri;

☐ B. By leaving same in the business office of said attorneys with a secretary thereof;

☐ C. By handing same to said attorneys;

☐ D. By enclosing same in envelopes addressed to said parties at their addresses as disclosed in the pleadings of record herein, with first class postage fully prepaid, and depositing said envelopes in a U.S. Post Office mail box in Trenton, Missouri;

 E. By transmitting same by facsimile to said attorneys at their office facsimile number.

on _____MAY 12_____, 2011, by the method checked above.

_____

NGB/objections/Grand River Subpoena Object